J. L. HARTSELL v. W. C. COLEMAN et al.

*Action to Recover Land—Deed—Vague and Uncertain Description—Extraneous Evidence.*

A description of lands in a deed as "lying on the west side of Spring Street and north of Mill Street," followed by courses and distances from "a stone" on Spring Street around a parallelogram to the place of beginning, without indicating whether the starting point is at the intersection of Spring and Mill Streets, or at a more remote point, is not so vague and uncertain on its face as to require the exclusion of proof *aliunde* to locate the land by fitting the description to the lot claimed under the deed.

CIVIL ACTION, tried by *Boykin, Judge,* and a jury, at January Term, 1895, of CABARRUS Superior Court.

Among other deeds introduced by the defendants for the purpose of showing title in the defendant Coleman, the landlord, to that part of the land of which the defendants were in possession, after plaintiff had established a *prima facie* case, was one from John Fink and wife and C. A. Plott to Luther Palmer, dated 20th January, 1881.

The description in the deed was as follows:

" All that lot of land situated in the county of Cabarrus in the State of North Carolina, adjoining the lands of Dr. John Fink, in the town of Concord, and others, and bounded as follows:

"Lying on west side of Spring street and north of Mill

street. Beginning at a stone on Spring street and runs N. 43 W. 55 feet to a stone on Spring street; then S. 47 W. 10 poles to a stone; then S. 43 E. 55 feet to a stone; then N. 47 E. 10 poles to the beginning, containing 38 square rods, more or less."

The following plat was introduced:

The defendant offered to introduce parol evidence to identify and locate the land therein mentioned. The plaintiff objected, alleging that the description of the land set out in said deed was too vague, uncertain and indefinite to be identified by parol evidence. The Court sustained the plaintiff's objection, and the defendant Coleman excepted.

There was a verdict for the plaintiff. Motion by the defendant for a new trial was overruled and defendant Coleman appealed.

HARTSELL *v.* COLEMAN.

*Mr. W J. Montgomery*, for plaintiff.
*Mr. W. G. Means*, for defendant (appellant).

AVERY, J.:    The words "lying on the west side of Spring street and north of Mill street" might be interpreted as meaning that the lot is to be located immediately west or indefinitely but not very remotely west of it.    If it is not the usual interpretation given to them, and therefore the proper construction, it is certainly not erroneous if the defendant could proceed upon that theory and prove to the satisfaction of a jury, that such a hypothesis would enable him to fit the description to the lot claimed by him so as to bring all of the descriptive expressions into harmony, to hold that it would be competent for him to do so.    If we can conceive of a reasonable theory, upon which pertinent parol evidence might subserve this purpose, the opportunity should have been given to the defendant to adduce such proof to support it.

Supposing that the intention of the parties was that the deed should be interpreted as if the word "side" had been inserted after "north," it would follow necessarily that the beginning corner must be located at the intersection.    This must be true because it would be impossible otherwise to run the first call N. 43 W. 55 feet from one point to another on Spring street and thence S. 47 W. 10 poles to a stone, then S. 43 E. 55 feet to a stone, then N. 47 E. 10 poles to the beginning and still leave Mill street on the immediate South of the parallelogram (which as a mathematical certainty must be formed), unless such were the relative positions of the street and lot.    We might have supposed for the purposes of this case that there was an intersection of the streets even if it had not been admitted by counsel and if by running from it the location should prove to be in perfect accord with the other parts of the

description, as for instance by finding that the parallelogram would be bounded on the north and west by lands owned at the date of the deed by Dr. John Fink and on the east and south by the two streets, there would be abundant evidence to go to the jury to fit the description to the thing. *Edwards* v. *Bowden*, 99 N. C., 80. The question being whether the description was too vague and uncertain upon its face to warrant the admission of proof *aliunde* to locate it, we have endeavored to discard from our minds the statements of counsel as to what the testimony would have been under a different ruling. The map with explanations must be treated as if it had been drawn by a surveyor acting upon a theory and making a possible location out of what appeared upon the face of the deeds.

Testing the accuracy of the ruling of the court below in this way, we think there was no error in holding that the description could not have been fitted to the land upon any reasonable hypothesis that could be fairly deduced from it. There was error which entitles the defendant to a new trial.

New Trial.