WARREN MIKESELL V. J. A. DURKEE AND W. H. STOUT, *Partners as Durkee & Stout.*

*Motion for Rehearing.*

THE facts of this case are stated in 34 Kas. 509, *et seq.* January 12, 1886, the defendants in error filed a motion for a rehearing. This motion the court overruled at its session in December, 1886.

*Ware & Ware*, for the motion.

*A. A. Harris*, contra.

*Per Curiam:* This case was decided by this court at its January term, 1886. (*Mikesell v. Durkee*, 34 Kas. 509.) The defendants in error have now submitted a motion for a rehearing. They seem to admit that no city has any authority to permit a private railroad or a railroad for merely private purposes to be constructed or operated upon the public streets of such city, and that if any attempt were made to construct or operate any such railroad on the public streets of a city, any abutting lot-owner, whose property would be injured thereby, could maintain an action to perpetually enjoin the same. And they seem further to admit that the railroad in the present case is a private railroad and a railroad for merely private purposes, unless it is public by virtue of its being used in connection with the defendants' grain elevator. They claim, however, that this use of the railroad makes it a public railroad and a railroad for public purposes. The only authority,

7 — 36 KAS.

however, which they cite as furnishing any support to this claim, is the case of *Munn v. Illinois*, 94 U. S. 113. Now the only thing contained in this Munn case which can furnish any support to the defendants' claim, is that portion of the decision which holds that a grain elevator is so far a public purpose that the state may regulate the charges made in connection with its use, and fix maximum charges. The right of the state to regulate charges or to fix maximum charges, is not only true with regard to grain elevators, but it is also true with regard to ferries, and to the business of hackmen, draymen, bakers, millers, wharfingers, inn-keepers, and various other kinds of business. But it does not follow from the fact that a grain elevator is public to the extent that the charges made in connection with its use may be regulated by law, that everything which may have any connection with it must also and for all purposes be public. It does not follow from the fact that a grain elevator is public to the extent that its charges may be regulated by law, that a private railroad, operated only for the purpose of carrying grain to and from the elevator, is a public or common carrier; and only railroads of that character are entitled by law to be operated upon the public streets of a city; and the present railroad is not a railroad of that character. A railroad which carries only grain for only the proprietors of a grain elevator, and only to and from the elevator, lacks many of the essential elements of a public or common carrier. Indeed, it is no more a public or common carrier than the farmer who transports his own grain by his own wagon from his own farm to the elevator. It is only such railroads as are operated by *public or common carriers,* and such only as are *required by law* to carry *all kinds of carriable goods,* and for *all persons or corporations* who may desire to have goods carried, that can be permitted by a city under the statutes to be operated upon the public streets of the city; and it is not claimed that the railroad now in question is that kind of railroad.

The motion for a rehearing will be overruled.