JAMES L. BUTLER v. F. R. PENN TOBACCO COMPANY ET ALS.

(Filed 27 April, 1910.)

### 1. Cities and Towns—Railroads—Private Sidings—Streets and Sidewalks—License to Obstruct.

Without express legislative power, a city may not authorize a contract between a manufacturing company and a railroad company for the building of a sidetrack across its public street, beyond the right of way of the latter, for the benefit of the former and its business. *Griffin v. R. R.,* 150 N. C., 312, cited and distinguished.

### 2. Same—Party Injured—Injunction.

A citizen whose property is injured, and who is deprived of his right of easement to freely pass and repass along a street and sidewalk of a town by reason of an unauthorized license to a railroad company by the town to build a private siding across the street beyond the right of way, for the benefit of another, is entitled to an injunction, although his property is not immediately adjacent.

APPEAL, from ROCKINGHAM, by plaintiff from judgment upon return to restraining order heard by *Long, J.,* 10 March, 1910, at chambers in Statesville, by consent.

The facts are stated in the opinion of the Court.

*W. P. Bynum* and *R. C. Strudwick* for plaintiff.

*Manly & Hendren* for defendant railway company.

*A. L. Brooks, H. P. Land* and *C. A. Hall* for town of Reidsville.

*Justice* and *Glidewell* for defendant tobacco company.

. CLARK, C. J. The plaintiff, since 1903, has been the owner and in possession of a house and lot on West Market Street, in Reidsville, whereon he has continuously resided since that year. This street with its sidewalks is, and has been for more than thirty years, one of the principal thoroughfares of said town, and has been continuously used by the plaintiff as his only convenient and practical route from his residence to the post office and other public places in said town. The defendant tobacco company applied to the board of commissioners of said town for permission to construct upon West Market Street, outside of the right of way of the defendant railroad company, and for a part of the distance upon the sidewalk of said street, a private sidetrack running from the line of the railroad to the door of the factory of said tobacco company, and making no other connection whatever. On 9 October, 1909, the said board of commissioners undertook to grant such license to said tobacco company, and thereafter, on 1 December, 1909, the said tobacco company entered into a written agreement with said town, whereby it undertook to construct said sidetrack at its own expense, and it further contracted with the defendant railroad company to build said track in consideration of $1,062, to be paid to it by said tobacco company. Acting under said alleged license, said tobacco company and the railroad company were at the beginning of this action proceeding to construct said sidetrack between the main business portion of the town and the warehouse of the said tobacco company, about 600 feet distant from the plaintiff's residence on the same street.

It further appeared, according to affidavits filed for the plaintiff, that the said sidetrack, if built and operated as proposed, would impair the value of plaintiff's lot, would greatly injure and partially destroy the right or easement of plaintiff to pass and repass along the said street, and would entirely destroy the right of plaintiff to use said sidewalk.

The relative positions of the line of the railroad company, West Market Street and the sidewalk, the factory of the tobacco company, and the property of the plaintiff, will appear from the map herein.

The plaintiff appealed from the order dissolving the restraining order theretofore granted. The question presented is

---

---

### EXPLANATIONS.

A—Proposed sidetrack, 670 feet long.
B—Proposed sidewalk, 330 feet long.
Dotted line thus: . . . . foot of railroad fill in front of Penn's factory.
Between street line and fill at C is 46 feet; height of fill 5 feet.
Between street line and fill at D is 50 feet; height of fill 2½ feet.
Two lines thus: | | indicate railroad crossing.
From J. L. Butler's residence to U. S. post office by West Market Street is 2,579 feet; by Matlock Street (scale measure) 2,880 feet.

whether the defendant, the town of Reidsville, has the power to grant license to the defendant, the Penn Tobacco Company, to build on the public street and upon the sidewalk thereof a private sidetrack, from the railroad track to the warehouse of the said tobacco company, for its use and benefit, whereby the plaintiff, a resident upon said street, is deprived of his right of easement to freely pass and repass along said street and sidewalk, and the value of his house and lot is impaired.

Nearly all of the 670 feet of the proposed sidetrack is off of the right of way of the defendant railroad company, whose track, right of way and depot in Reidsville have been located for nearly fifty years. It has no power to exceed its right of way, in the absence of legislative authority, even for public purposes. In *Griffin v. R. R.,* 150 N. C., 312, the defendant was authorized to lay its track along a street to make connection at a union depot, which had been ordered by the Corporation Commission, under the authority of the statute and of the board of aldermen, who were empowered to grant such permission by the terms of the charter of the city. *Dewey v. R. R.,* 142 N. C., 392. Besides, it was a public purpose. Here it does not appear that the charter of Reidsville confers such authority on its board of commissioners. Certainly no authority is shown by statute or order of Corporation Commission empowering the defendant railroad company either to lay or operate a sidetrack, not upon its right of way, for the purpose of reaching the tobacco company's warehouse.

In *White v. R. R.,* 113 N. C., 610, cited with approval in *Staton v. R. R.,* 147 N. C., 437, it was held to be established that "the use of a street by steam railroads is not a legitimate use for public purposes, and it must of course follow that the city has no right in the exercise of its usual and ordinary powers relating to highways to authorize the entry and occupation of the street by the defendant, and the bare license of the city can afford no justification."

The town authorities hold the streets in trust for the purposes of public traffic and cannot, in the absence of statutory power, grant to any one the right to obstruct the street to the inconvenience of the public, even for public purposes, and for private purposes not at all. *Moose v. Carson,* 104 N. C., 435; *Field v. Barling,* 149 Ill., 556; *Service Co. v. Murphy* (Mo.), 34 L. R. A., 374. The city cannot (in the absence of statutory power) authorize the use of the streets by a private railroad. *Gustaffson v. Hamm* (Minn.), 22 L. R. A., 565; *Mikesell v. Durkee,* 36 Kans., 97. Permission by a city to a private individual to occupy a public street with a railroad switch, to be

used for his private business, is void. *Swift v. R. R.,* 66 N. J.
Eq., 34. Such power may be granted to a municipality by leg-
islative authority, but in the absence of legislation the town
authorities cannot grant any use of the streets for private pur-
poses (Elliott Roads and Streets (2 Ed.), sec. 653), for the entire
street, "from side to side and from end to end, belongs to the
public." *Ib.,* sec. 645. The use of the street for a street railroad
is in aid of and facilitates its use for public traffic and travel.
*Hester v. Traction Co.,* 138 N. C., 291; *Merrick v. R. R.,* 118
N. C., 1081.

The *Industrial Siding Case,* 140 N. C., 239, is not in point.
There the Corporation Commission, under statutory authority,
ordered the railroad company to establish such siding, having,
after investigation, found this to be to the public interest. But
it does not follow that because a public agency is empowered to
order the establishment of such sidings on its rights of way, or
on land acquired by it for that purpose, that a railroad com-
pany may lay down its track in the streets of a city, under con-
tract with any individual or manufacturing company, to facili-
tate the operation of such private business, by the permission
of the town authorities, who have no legislative power to that
end conferred upon them. 28 Cyc., 873, and numerous cases
there cited; 27 A. and E. Enc., 176.

No reason is shown why the defendant railroad company can-
not lay the sidetrack upon its right of way to a point abreast
the warehouse of the tobacco company. This would necessitate
that company carrying its goods a few feet from its door to the
sidetrack, but there are facilities for that. Certainly the de-
fendants cannot take the public street and sidewalk, which
would greatly inconvenience the public, because it would serve
their own convenience.

Though the plaintiff is not an abutting proprietor, the use of
this street and its sidewalk for a siding for the tobacco com-
pany and filling it up, at times, with cars, shifting about or
standing, impedes the use of the street, and he is entitled to an
injunction to prevent it. *McManus v. R. R.,* 150 N. C., 661;
*Tise v. Whittaker Co.,* 144 N. C., 511; *Corby v. R. R.,* 150 Mo.,
457; *Longworth v. Sedevick,* 166 *ib.,* 221; *Fielding v. Barling,*
149 Ill., 569; Elliott, R. and S. (2 Ed.), secs. 664, 665. This
is especially true, as no action for damages lies against the city
for an unauthorized grant or license. 2 Dillon Mun. Corp.
(4 Ed.), 710.

The owner of a lot, whose use of a street is interfered with
by an obstruction therein, is entitled to an injunction, although

his lot is not immediately adjacent. *Conrad v. Land Co.,* 126
N. C., 776; *Collins v. Land Co.,* 128 N. C., 563; *Hughes v.
Clark,* 134 N. C., 461.                                     ˙.

The order dissolving the restraining order is
Reversed.