STATE ex rel. NORTH CAROLINA CORPORATION COMMISSION and F. R. PENN TOBACCO COMPANY et al. v. SOUTHERN RAILWAY COMPANY et al.

(Filed 7 December, 1910.)

1. Corporation Commission — Powers — Eminent Domain — Side Tracks—Res Judicata.

The Corporation Commission cannot confer the power of eminent domain, Revisal, 1097 (5), and when the Legislature has not conferred such power upon a non-resident railroad company respecting the construction of a side track over the lands of others, an order of the Commission for the railroad to build such a track is void. *Semble,* this matter is *res judicata. Butler v. Tobacco Co.,* 152 N. C., 416.

2. Same—Industrial Sidings—Tender of Right of Way.

*Semble,* that the Corporation Commission can require a railroad company to build a side track to an industrial plant only upon the company's right of way or when the right of way is tendered. Revisal, 1097 (5).

3. Corporation Commission—Side Tracks—Interpretation of Statutes —Limitations of Power.

The power conferred upon the Corporation Commission to order a railroad company to build a side track, Revisal, 1097 (5), is with the restriction that the revenue from such side track shall be "sufficient within five years to pay the expenses of construction"; and the lower court having denied the authority of the Commission in this action, the presumption is in favor of its judgment, and it will be affirmed in the absence of evidence tending to show that the revenue will be sufficient according to the terms of the statute. From the facts in this case it appears that the revenue would be insufficient.

4. Corporation Commission—Side Tracks—Interstate Commerce—Constitutional Law.

Requiring a non-resident railroad, operating in this State and doing an interstate business, to construct an industrial siding or side track here, with the proper legislative authority to make the order, is not a burden nor an interference with interstate commerce, and it is constitutional.

ACTION brought in ROCKINGHAM, and appealed from judgment of *Biggs, J.,* rendered at chambers in Winston, 12 October, 1910.

The facts are sufficiently stated in the opinion of *Mr. Chief Justice Clark.*

*Justice & Glidewell* and *Brooks & Lane* for plaintiff.
*Manly & Hendren* for Railway Company.
*W. P. Bynum* and *R. C. Strudwick* for Butler, intervenor.

CLARK, C. J. The subject matter of this action, laying down a side track by the defendant railroad in a street of Reidsville, outside the railroad right of way, to the plant of the Penn Tobacco Co., was before us in *Butler v. Tobacco Co.,* 152 N. C., 416, where the facts are fully set out together with a plat of the locality. In that case, Butler, who is intervenor in this case, was the plaintiff seeking to enjoin the defendant railroad and the tobacco company from laying down such track in derogation of the plaintiff's right as a property owner on said street. In that case we held that the commissioners of Reidsville could not authorize the laying down of the side track outside of the right of way without express legislative power. And that the then plaintiff Butler was entitled to an injunction to prevent such action, although his property was not immediately adjacent.

This action was then begun by the Penn Company against the Railroad Company before the Corporation Commission to compel the railroad to lay down said side track to the Penn Company's plant, and off the right of way, the very act which the railroad had been enjoined against doing. The former plaintiff, Butler, now appears as intervenor. The Corporation Commission granted the order asked for, and on appeal to the judge of

the district, his Honor refused to affirm the order.   The Penn Company thereupon appealed to this Court.

Since our former opinion there has been no legislative action authorizing the defendant railroad to use any part of the street outside its right of way, nor authorizing the town of Reidsville to grant such permission.   It would seem therefore that the matter is *res judicata*.   The plaintiff contends that it is not because under Revisal, 1097 (5), the Corporation Commission has directed the siding to be put in.   For more reasons than one we think that this view cannot be sustained.   Revisal, 1097 (5), authorizes the Corporation Commission "to require the construction of side tracks by any railroad company to industries already established: Provided, it is shown that the proportion of such revenue accruing to such side track is sufficient within five years to pay the expenses of its construction."   This is a very important provision of the law and was fully sustained by this Court in *the Industrial Siding case*, 140 N. C., 239, which has been cited since with approval in *Dewey v. R. R.*, 142 N. C., 399, and in other cases, and which again we now reaffirm in every particular.   But it has no application here because:

1. The power is conferred on the Corporation Commission not absolutely but with restrictions, one of which is that the revenue from such side track shall be "sufficient within five years to pay the expenses of its construction."   This does not appear, and as every presumption is in favor of the correctness of the judgment below, this would be sufficient of itself to affirm the judgment.   Besides it is reasonably apparent that after payment of damages to every citizen of Reidsville who may recover damages for appropriation of this street for railroad purposes the sum will exceed five years additional revenue to be derived from such siding.

2. The Corporation Commission cannot confer the power of eminent domain.   The defendant, the Southern Railway Company, being a non-resident corporation, does not possess the power of eminent domain, and the Legislature has not conferred it upon that company, save to the extent of authorizing it to lay a double track upon the right of way, which it has leased.

3. The Court has already held in *Butler v. Tobacco Co.,* 152 N. C., 416, that without express legislative authority the streets of a city cannot be taken for railroad purposes even with the consent of the town authorities. 27 A. & E. (2 Ed.), 170, and cases cited. In *Griffin v. R. R.,* 150 N. C., 312, the railroad was ordered to lay its track along a street by the Corporation Commission to make' connection at a union depot, but there was express legislative authority and the board of aldermen also granted their permission under authority conferred upon them in the city charter. See also *Dewey v. R. R.,* 142 N. C., 392.

4. It is by no means clear, though we do not find it now necessary to decide the point, that the Corporation Commission under Revisal, 1097 (5), can require or authorize any railroad company to condemn a right of way for a side track to an industrial plant. As there is no reference to the exercise of the right of eminent domain in that section it would seem that the Corporation Commission can require a railroad company to lay down a side track to an industrial plant only upon the railroad's right of way or when the right of way is tendered by the industrial company, that petitions for a siding. In Revisal, 1097 (3), which authorizes the Corporation Commission to require the establishment of union depots, it is expressly provided that "the railroad so ordered to construct union depots shall have power to condemn land for such purpose, as in case of locating and constructing a line of railroad." The absence of such provision in Revisal, 1097 (5), seems to indicate clearly that industrial sidings can be ordered only when laid upon the railroad's own right of way or when the petitioner has tendered the right of way. In *Commissioners v. Bonner,* at this term, where the county commissioners were authorized in cases where the public road ran along the bank of a stream to establish "a public landing," it was held that this did not confer the right to condemn land for that purpose; and that where the statute is silent *it is* to be presumed that the Legislature intended that the property should be obtained by contract; and this is especially so when the statute makes no provision for compensation.

It is proper, however, that we should say that we do not assent to the contention of the defendant railroad that inasmuch

STATE *v.* RAILWAY COMPANY.

as the side track, if established, would be largely used in interstate commerce that therefore the Corporation Commission could not order its establishment, because the cost of establishing it would be a burden upon interstate commerce. This point was raised and decided against the railroad company in *R. R. v. Kansas,* 216 U. S., 262, where that court held "the fact that a railroad company is chartered by another State and has projected its lines through several States does not make all of its business interstate commerce, and render unconstitutional, as an interference with, and burden upon interstate commerce, reasonable regulations of State railroad commissions applicable to portions of the lines wholly within, and which are valid under, the laws of that State." The establishment of an industrial siding under the authority of the Corporation Commission, within the provisions of Revisal, 1097 (5), is no more an interference with interstate commerce than the establishment of a new depot, nor of a union depot, under the orders of the Corporation Commission. From such new station, and union depot, both freight and passenger traffic will originate part of which will pass beyond the State line.

While it is true that the siding is sought by the industrial plant for the purpose of facilitating its shipments, none the less the function which the defendant railroad company is required to exercise in laying and operating the siding is a public use, and a part of its duty as a common carrier. This is expressly held in *Hairston v. R. R.,* 208 U. S., 608, where the Court says: "The uses for which the track was desired are not the less public because the motive which dictated its location over this particular land was to reach a private industry, or because the proprietors of that industry contributed in any way to the cost." We would not be understood as having intimated anything contrary to this in what was said in *Butler v. Tobacco Co.,* 152 N. C., 416.

The judgment below is

Affirmed.