C. L. CHERRY AND HUBERT CHERRY v. ROANOKE TOBACCO WAREHOUSE COMPANY, A CORPORATION.

(Filed 18 March, 1953.)

1. **Vendor and Purchaser § 26—In action on covenant of seizin to recover for shortage in acreage conveyed, burden of proof is on plaintiff grantee.**

In the grantee's action for breach of covenant of seizin for partial failure of title to the land described in the deed, the burden of proof is on grantee to show failure of title to a part of the land described, and the mere introduction of a deed to a third party is insufficient for this purpose, but he must also fit the description in the deed to such third party to the land it covers in accordance with appropriate rules of law and evidence, and show that deed to such third party conveyed valid title to a part of the *locus* described in plaintiff grantee's deed, and without such proof an instruction to the effect that the deed to the third party conveyed title to a part of the land described in plaintiff grantee's deed is error.

2. **Boundaries § 5a—**

Description of land in a deed must be certain in itself or capable of being reduced to certainty by matters *aliunde* pointed out in the deed itself.

3. **Same—**

Where the description in a deed is patently ambiguous, parol evidence is not admissible to aid the description; but when its terms leave it uncertain what property is intended to be embraced therein, parol evidence is admissible to fit the description to the land, provided the parol evidence does not

enlarge the scope of the descriptive words and provided the deed itself points out the source from which evidence *aliunde* is to be sought.

**4. Boundaries § 3b—**

A call in a deed to a natural object will control courses and distances at variance therewith.

**5. Appeal and Error § 40i—**

Nonsuit will not be granted on appeal even though the record evidence is insufficient when the court below has denied the motion upon an erroneous conclusion as to the legal effect of the evidence introduced, since except for such erroneous ruling plaintiff might have offered evidence sufficient to withstand the motion.

APPEAL by defendant from *Sharp, Special Judge,* at November Term, 1952, of MARTIN.

Civil action to declare plaintiffs to be owners of land, hereinafter referred to, located as alleged, but if not so entitled, to recover damages for alleged breach of warranty of title to land.

It is admitted of record that on 5 March, 1951, defendant conveyed to plaintiffs by warranty deed, duly recorded, "that certain strip or parcel of land beginning at the corner of the Washington Street sidewalk and the right of way of the Atlantic Coast Line Railroad at an iron stake at said location, and running thence along the right of way of the said Atlantic Coast Line Railroad north 60 degrees east a distance of 147 feet to a stake; thence north 28 degrees west 66 feet to an iron pipe at the driveway of the Roanoke-Dixie Warehouse; thence south 84 degrees 10' west 156.8 feet to the point of beginning, and being lot No. 2 of the property shown and described on a map or plat thereof made by D. G. Modlin, Surveyor, December 9th, 1950."

Plaintiffs allege in their complaint, briefly stated, that the northern boundary line of the land conveyed to them by defendant begins at a point 7½ feet from the center of the railroad track of the Atlantic Coast Line Railroad Company, and runs along the right of way of said company—a line 7½ feet from the center of the railroad track, whereas, in fact, as plaintiffs are advised and believe, and upon information and belief, the right of way of the railroad company extends 15 feet from the center of the railroad track instead of 7½ feet; that, therefore, plaintiffs will lose a strip of land 7½ feet wide and 147 feet long which is included in the right of way of the railroad company, to their damage in the value of the lot; and that "they are entitled to damages for that part of the lot conveyed to them by defendant which belongs to the Atlantic Coast Line Railroad Company, and for which defendant gave" them "a warranty fee simple deed" which is made a part of the complaint. Wherefore plaintiffs pray, with other relief, judgment, for damages for "breach of warranty."

Defendant, answering, denies the allegations of the complaint above set forth except as to the description contained in the deed, which it admits,—and, for a further answer and defense, avers among other things "that said railroad company has never acquired a .legal title to its said right of way, and has never used more than fifteen (15) feet for the purpose of operating and maintaining same."

Upon the trial in Superior Court, the parties stipulated:

(1) That the map P-1 illustrates the property described in the complaint and is the map from which the deed from defendant to plaintiffs for said property was drawn;

(2) That the beginning point in said deed and shown on the map as an iron pipe was located at the time the map was drawn $7\frac{1}{2}$ feet from the center of the railroad track;

(3) That the deed recorded in WWW at page 539 from the Town of Williamston to the Atlantic Coast Line Railroad covers the right of way referred to in the deed from the defendant to the plaintiffs and represents the railroad's title to such right of way; and

(4) That the plaintiffs paid the defendant $4,000 as the purchase price for said property.

And plaintiffs offered in evidence:

(1) Deed from defendant to plaintiffs containing (a) description of the lot as hereinabove set forth, and (b) covenants of seizin, right to convey, freedom of encumbrances and general warranty.

(2) Deed dated 7 October, 1912, and registered in Book WWW, page 539, from Town of Williamston, a corporation duly chartered and organized under the laws of North Carolina, as party of the first part, to Atlantic Coast Line Railroad Company, a corporation organized under and pursuant to the laws of the State of Virginia and doing business in the State, as party of the second part, which reads as follows: "That, whereas, under and by virtue of resolution adopted by the Town Commissioners authorizing the execution of an easement, over Railroad Street, said resolution being passed at a meeting of the Board of Commissioners regularly held on the 10th day of September 1912.

"Now, therefore, the said Town of Williamston in consideration of Ten Dollars in hand paid to it by said Atlantic Coast Line Railroad Company, the receipt of which is hereby acknowledged, has bargained and sold and by these presents, does bargain, sell and convey to said Atlantic Coast Line Railroad Company, its successors and assigns, certain tracts or parcels of lands in Williamston Township, State and County first above written, described as follows: Strip of land thirty feet wide extending along Railroad Street, which begins at the terminus of said Coast Line Railroad track running along Railroad Street, crossing Smithwick Street at right angles to and across Watts Street said strip of land

lying fifteen feet on either side of the Center Line of a Railroad to be constructed by said Atlantic Coast Line Railroad Company its successors and assigns.

"To Have and To Hold the aforesaid tract or parcel of land and the privileges and appurtenances thereunto to the said Atlantic Coast Line Railroad Company, its successors and assigns, so long as the same shall be used for and devoted to the purpose of operating a railroad over and upon it, with full right of free ingress, egress and regress for the said Atlantic Coast Line Railroad Company its successors and assigns at all times and forever hereafter. And the said Town of Williamston, party of the first part, for itself does covenant to and with said Atlantic Coast Line Railroad Company its successors and assigns that it is seized of said premises in fee and has a good right to convey the same in fee simple. That the same is free from all encumbrances, and that it will warrant and defend the title to the same against the lawful claims of all persons whomsoever."

And plaintiffs offered testimony tending to show that the Atlantic Coast Line Railroad Company had been running trains across the track adjoining the lot in controversy for the past 30 years; and that plaintiffs at the time they purchased the lot from defendant had no knowledge that the line of the right of way of Atlantic Coast Line Railroad Company was more than 7½ feet from the center of the railroad track; and that losing the strip 7½ feet by 147 feet depreciated the value of the lot in the amount of $1,500.

Defendant, reserving exception to the denial of its motion for judgment as of nonsuit entered when plaintiffs first rested their case, offered evidence tending to show that the parties understood that the location of the right of way of the railroad company was uncertain, and that defendant was selling, and plaintiffs were buying all the land from the driveway to the Atlantic Coast Line Railroad, regardless of what it was, and so on.

Motion of defendant for judgment as of nonsuit at the close of all the evidence was overruled, and defendant excepted.

These issues were submitted to and answered by the jury as shown:

"1. When the defendant conveyed to the plaintiffs the land described in the complaint did the parties intend that only the land between the defendant's driveway, the Martin Supply Company lot and the Atlantic Coast Line's right of way should be conveyed and that footages should be omitted from the deed, as alleged in the answer? Answer: No.

"2. If not, what amount, if any, have the plaintiffs been damaged? Answer: $1,150.00."

Judgment was rendered on the verdict. Defendant appeals therefrom to Supreme Court and assigns error.

. *Clarence Griffin and Peel & Peel for plaintiffs, appellees.*
*R. L. Coburn for defendant, appellant.* '

WINBORNE, J.   In an action for damages for breach of a covenant of
seizin, where the defendant denies. the breach, and there are no admis-
sions to the contrary, the burden of proof to show the breach is upon the
plaintiff under our code system of pleading,—so this Court held in *Eames
v. Armstrong,* 142 N.C. 506, 55 S.E. 405.  Under this rule, plaintiffs in
the case in hand have the burden of proof to show a breach of the cove-
nant of seizin ·in the deed from defendant to them, that is, that there is a
partial failure of title to the land described in this deed.

In this connection it seems that the ·controversy involves these ques-
tions: (1) Does the Atlantic Coast Line Railroad Company own a right
of way on and along Railroad Street in the town of Williamston?; (2)
If so, what is the width of it, and where is it located with reference to
the lines of Railroad Street?

As to the first question, the parties stipulate that the deed from the
town of Williamston to the Atlantic Coast Line Railroad Company covers
the right of way referred to in the deed from defendant to plaintiffs, and
represents the railroad's title to such right of way.

By what authority, therefore, did the town of Williamston act on
7 October, 1912, in making the deed to the railroad company?  Did the
town own the land in fee simple?  If so, how did it acquire title to it?
This may be shown by various methods which are specifically set forth
in *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142.  See also *Locklear v.
Oxendine,* 233 N.C. 710, 65 S.E. 2d 673.

If the town of Williamston did not own the land in fee simple, did the
town have legislative authority to make the kind of deed it did make?
If not, did the town have such authority to grant to the railroad company
a right of way along Railroad Street on which to lay a track, and operate
trains?  In this connection, see *S. v. R. R.,* 141 N.C. 736, 53 S.E. 290;
*Butler v. Tobacco Co.,* 152 N.C. 416, 68 S.E. 12; *Staton v. R. R.,* 147
N.C. 428, 61 S.E. 455.

If the town had such authority, is the railroad track so laid that a right
of way of the width specified is in fact within the boundaries of Railroad
Street?  This question requires the location of the lines of the street, as
they existed at the date of the deed, and the location of the railroad track
as· originally laid with reference to the lines of the street.  In other words,
plaintiffs, in the case in hand, must offer not only the deed upon which it
relies, but they must by proof fit the description in the deed to the land it
covers,—in accordance with appropriate rules of law and evidence.  The
deed, without the proof, is not sufficient.  Hence, there is error in the
charge of the court to the jury "that the legal effect of that deed which

was introduced in evidence is to give to the Atlantic Coast Line Railroad a right of way which extends 15 feet on each side of the center line of the railway track." Defendant excepts to this instruction, and the exception is well taken.

Moreover, it is not amiss to call attention to the description as set out in the deed from defendant to plaintiffs. The course and distance called for in the second call, nothing else appearing, seems to lead across the railroad track, and to relate to land in, and north of it, rather than south of it, as the map, identified by the parties, indicates.

Decisions of this Court generally recognize the principle that a deed conveying land within the meaning of the statute of frauds must contain a description of the land, the subject matter of the deed, either certain in itself or capable of being reduced to certainty by reference to something extrinsic to which the deed refers. The office of description is to furnish, and it suffices when it does furnish means of identifying the land intended to be conveyed. Where the language used is patently ambiguous, parol evidence is not admissible to aid the description. But when the terms used in the deed leave it uncertain what property is intended to be embraced in it, parol evidence is admissible to fit the description to the land. Such evidence cannot, however, be used to enlarge the scope of the descriptive words. The deed itself must point to the source from which evidence *aliunde* to make the description complete is to be sought. See *Self-Help Corp. v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889, where the authorities are cited. See also *Searcy v. Logan,* 226 N.C. 562, 39 S.E. 2d 593; *Plemmons v. Cutshall,* 234 N.C. 506, 67 S.E. 2d 501; *Linder v. Horne, ante,* 129.

Moreover, in *Byrd v. Spruce Co.,* 170 N.C. 429, 87 S.E. 241, it is held, as epitomized in headnote 1, "Where there is a call in the description to a given boundary in a conveyance of land, which is at variance with the course specified therein, the natural object will control the course, it being the evident intent of the parties that the line should be thus established, and not that a mere word, in which a mistake is more likely to occur, should control."

In the light of these principles, the course and distance of the second call may be controlled by proof of the location of "the driveway of the Roanoke-Dixie Warehouse," *Brown v. Hodges,* 232 N.C. 537, 61 S.E. 2d 603; *S. c.,* on rehearing, 233 N.C. 617, 65 S.E. 2d 144, for which purpose parol evidence is competent. The stipulation of parties may have been intended to meet this situation.

In view of the ruling of the court in respect to the deed from the Town of Williamston to Atlantic Coast Line Railroad Company, as above set forth, motion for judgment as of nonsuit will not be sustained. For if

the court had ruled adversely to plaintiffs they might have offered evidence sufficient to withstand the motion.

For error pointed out, there must be a

New trial.