EDWARDS & MURCHISON v. RICHARD E. BOWDEN and
BETTIE J. BOWDEN.

*Deed—Description—Evidence.*

The description in a deed of " a tract of land lying in Greene County,
N. C., adjoining the lands of P L and R N, situate on the east side
of the road leading from Jerusalem church to Patrick Lynch's,
it being a portion of their part of the original P tract and contain-
ing fifty acres," is not so vague and uncertain that parol evidence
may not be received to aid in the identification of the land in-
tended to be conveyed.

CIVIL ACTION, tried before Merrimon, J., at Spring Term,
1887, of GREENE Superior Court.

The following is a copy of the material part of the case
stated on appeal:

" The action was brought to foreclose a mortgage. The
descriptive words of the deed are : ' A tract of land lying in
Greene County, N. C., adjoining the lands of Patrick Lynch
and R. N. Bowden, situate on the east side of the road lead-
ing from Jerusalem Church to Patrick Lynch's, it being a
portion of their part of the original Gray R. Pridger tract
and containing fifty acres.'

" The jury having been empaneled, the plaintiffs offered
to read said deed to the jury, and the Judge having intimated
that the description therein was insufficient and that the
plaintiffs could not recover, they submitted to a nonsuit and
appealed."

*Mr. W. C. Monroe,* for the plaintiffs.
No counsel for the defendants.

MERRIMON, J. Generally, if the description of the land in-
tended to be embraced and the title thereto conveyed by the

deed is so indefinite or uncertain as that it fails to designate the land meant, the deed is inoperative and void. It is however a general rule that the deed must be upheld if possible, and the terms and phraseology of description will be interpreted with that view and to that end if this can reasonably be done. The Court will effectuate the lawful purpose of deeds and other instruments if this can be done consistently with the principles and rules of law applicable. *Proctor* v. *Pool,* 4 Dev., 370.

We think that the description in the deed in question of the land embraced by it sufficiently points to a particular tract of land—not an indefinite and undefined part of a tract—but a certain tract so described as that it may be ascertained.

If the words "it being a portion of their part of the original Gray R. Pridger tract and containing fifty acres," be omitted from the description, it would be substantially like that held to be sufficient in *Kitchen* v. *Herring,* 7 Ired. Eq., 190. The words in that case were " a certain tract of land lying on the southwest side of Black river, adjoining the lands of William Haffland and Martial," and in *McLawhorn* v. *Worthington,* 98 N. C., 199, the description held to be sufficient was "all that tract or parcel of land situate in said county and bounded as follows: Adjoining the lands of Augustus Braxton, James Hines, T. N. Manning, Cobb Tripp and others, containing three hundred and sixty acres, more or less." So that if the words of description were only these, " A tract of land lying in Greene County, N. C., adjoining the lands of Patrick Lynch, and R. N. Bowden, situate on the east side of the road leading from Jerusalem Church to Patrick Lynch's," there could be no reasonable question as to the sufficiency of the description. Then do the additional words, " it (the land) being a portion of their part (that is the part of Patrick Lynch and R. N. Bowden) of the original

6

Gray R. Pridger tract and containing fifty acres," control the description and render it insufficient? We think not.

The last recited words were not the principal or leading words of description, but intended simply to give the description more particularity by designating the land as "a tract lying," &c., "it being a portion (a designated, described portion) of their part," &c., that is a tract of fifty acres identified and taken from "their part of the original," &c. Hence the land is described as "a tract," a body of land having distinctive identity, "adjoining the lands of," &c. How could it adjoin the lands of the persons named if it were not designated by some boundary? If it were a confused, undescribed portion of "their part of the original Gray R. Pridger tract," it is not at all probable that it would have been described as "a tract of land lying," &c., adjoining "their" land.

The interpretation of the description of the land we have thus given it seems to us is reasonable, and it renders the deed operative, if the plaintiff can on the trial by proper evidence identify the land as described in the deed. He must give evidence of a tract of land as designated.

Error.