(For a discussion of the principles governing this case, see Blow v.Vaughan, ante.)
To show title, the plaintiff offered in evidence a deed from E. R. Outlaw, Sheriff of Bertie County, to John Wilson and Etherton Wilson (the plaintiffs), which, after the usual recitations as to levy and sale under execution, contained only the following description of the land:
"1st. A certain tract of land in aforesaid county, adjoining the lands of J. R. Conner and others, containing fifty acres, more or less.
"2d. A certain tract of land in aforesaid county, adjoining the lands of J. B. Spivey and others, containing twenty-five acres, more or less."
The defendant objected to the introduction of this deed, which (212) objection was overruled, and defendant excepted. Subsequently the plaintiffs introduced one Ashbell, to show that the land described in the deed was the same described in the complaint, and to identify it. The defendant objected to the testimony on the ground that the description was too vague and indefinite to be aided by parol testimony. The Court allowed the witness to testify. The defendant excepted. Whereupon witness testified that he knew the land, and identified it as the same.
There was a verdict and judgment for plaintiffs, and the defendant appealed.
It is conceded that the plaintiffs cannot recover unless they can show the boundaries and location of the land that the Sheriff's deed purports to convey.
We have held at this term, in Blow v. Vaughan, ante, that a description, substantially the same as that contained in said deed, was too vague *Page 189 
and indefinite to be aided by parol proof, and it is unnecessary to reiterate the reasons that led us to that conclusion. There was error in the admission of the testimony to identify the land, and there must be a new trial. Error.
Cited: Perry v. Scott, 109 N.C. 376; Hemphill v. Annis, 119 N.C. 516;Timber Co. v. Yarbrough, 179 N.C. 337.
(213)