W. S. BAILEY ET AL. v. J. D. HAYMAN.

(Filed 18 September, 1940.)

1. **Boundaries §§ 2, 3—Specific description held not too indefinite to permit parol evidence in aid thereof, and holding as matter of law that description in prior deed to which it referred controlled is error.**

   Defendant claims under a commissioner's deed describing the land as being bounded by the lands of named parties "and on the east by a tract of land known as the Richardson tract . . . containing seventy acres, more or less, and being the same land conveyed" to defendant's predecessor in title, giving the book and page on which the prior deed is recorded. Plaintiffs claim the "Richardson tract." It was admitted that the description in the prior deed embraced the entire *locus in quo*, including the "Richardson tract." *Held:* The description in the deed to the plaintiff is not so indefinite as to preclude parol evidence in aid of the description, and the holding of the court as a matter of law that the reference to the prior deed was equivalent to incorporating its calls as a second description, and that therefore defendant owns the entire tract, *is held* for error, it being for the jury to say upon conflicting evidence whether plaintiffs have located the "Richardson tract" according to their contentions.

2. **Partition § 5b—**

   In partition, upon a plea of sole seizin by respondent, petitioners have the burden of proving their title as alleged as tenants in common with respondent.

3. **Partition § 5d—Directed verdict for defendant pleading sole seizin held error upon facts of this case.**

   Respondent claimed sole seizin under a deed to him, and it was admitted that respondent is the sole owner of the land conveyed by that deed, but petitioners denied that the description of the land in that deed embraced the *locus in quo* and introduced evidence in support of their contention. *Held:* The specific description in the deed not being too indefinite to admit parol evidence in aid thereof, the court's holding that the description in the deed to defendant was controlled by the description in a prior deed to which it referred and which embraced the *locus in quo*, and thereupon directing a verdict for defendant, is error.

APPEAL by plaintiffs from *Burney, J.,* at May Term, 1940, of DARE.
Petition for partition. Plea of sole seizin by respondent. Order of reference. Report of referee in favor of plaintiffs. Exceptions to report by defendant and demand for jury trial. Directed verdict for defendant.
Plaintiffs appeal, assigning error.

*Martin Kellogg, Jr., R. B. Bridgers, and Worth & Horner for plaintiffs, appellants.*
*J. H. Leroy and McMullan & McMullan for defendant, appellee.*

STACY, C. J.   On the hearing, the case was made to turn on the proper construction of the following description in a deed from Thos. J. Markham, Commissioner, to Hattie M. Dough:

"Lying and being in Nags Head Township, Dare County, and bounded as follows: Situated on the north end of Roanoke Island and known as the Abby Dough tract and bounded on the north by the land of the heirs of Thos. A. Dough, deceased, on the east by a tract of land known as the Richardson tract; on the south by the lands of Hattie M. Dough, and on the west by the lands of the heirs of Spencer Etheridge, deceased, containing seventy (70) acres, more or less, and being the same land conveyed to Abby Dough and husband, Warren A. Dough, by William S. Etheridge, by deed duly recorded in Book No. 10, page 196, office of the register of deeds of Currituck County, and being the same place where Hattie M. Dough now resides."

The question in difference arises out of the attempted determination and location of the eastern boundary of the land covered by the above description.

The plaintiffs contend that the Richardson tract which they here seek to partition is timber land lying immediately east of the Abby Dough tract, which latter tract consists of cultivated land, with dwelling house thereon, and is known as the home place.   They admit that the foregoing deed covers the Abby Dough tract, but they deny that it also conveys the Richardson tract.

The defendant, on the other hand, insists that the entire tract, including the woodland, or the part here sought to be partitioned, is known as the Abby Dough tract, and that the "Richardson tract," mentioned as the eastern boundary, while ostensibly a locative call, is, in reality, a fugitive or indeterminable call in the description.   8 Am. Jur., 747; 16 Am. Jur., 589.   Each side offered evidence tending to support its position.

The plaintiffs concede that both tracts, as they speak of them, are within the outer bounds of the William S. Etheridge deed to which reference is made in the Markham deed, and that the defendant is the sole owner of whatever is conveyed by the Markham deed.

Upon this concession, the trial court held as a matter of legal construction, *ipso jure,* that the reference to the William S. Etheridge deed was equivalent to incorporating its calls as a second description in the Markham deed, and that, therefore, the Richardson tract as the plaintiffs speak of it, is covered by the description in the Markham deed. Accordingly, the jury was instructed to find for the defendant.   The correctness of this ruling is challenged by the appeal.

The evidence offered on behalf of the plaintiffs tends to bring the case within the principles announced in *Von Herff v. Richardson,* 192 N. C.,

595, 135 S. E., 533; *Ferguson v. Fibre Co.,* 182 N. C., 731, 110 S. E., 220; *Williams v. Bailey,* 178 N. C., 630, 101 S. E., 105; *Potter v. Bonner,* 174 N. C., 20, 93 S. E., 370; and *Cox v. McGowan,* 116 N. C., 131, 21 S. E., 108. That offered by the defendant tends to bring it within the doctrine of *Quelch v. Futch,* 172 N. C., 316, 90 S. E., 259.

It is for the jury to say whether the plaintiffs have located the Richardson tract according to their contention. *Edwards v. Bowden,* 99 N. C., 80, 5 S. E., 283, 6 A. S. R., 487.

In partition, upon a plea of sole seizin, *non tenent insimul,* the burden is on the plaintiff to show title as alleged, *i.e.,* the tenancy in common. *Huneycutt v. Brooks,* 116 N. C., 788, 21 S. E., 558. There was error in directing a verdict for the defendant.

New trial.