STANLEY HOLLOMAN AND WIFE, ROSA HOLLOMAN, v. JOE BLUNT DAVIS AND WIFE, G. VERNELL DAVIS; BURGESS FUTRELL AND WIFE, JANICE M. FUTRELL; JOSEPH H. HOLLOMAN AND WIFE, BEULAH HOLLOMAN; RICHARD MILLS AND WIFE, JEANETTE G. MILLS, AND JIMMIE K. HOLLOMAN, A MINOR, AND ELSIE MAE HOLLOMAN, A WIDOW OF A. C. HOLLOMAN, AND ADDIE HOLLOMAN (DAVIS), WIDOW OF VERNON R. HOLLOMAN; T. D. NORTHCOTT, GUARDIAN AD LITEM FOR JIMMIE K. HOLLOMAN, A MINOR.

(Filed 14 October, 1953.)

**1. Boundaries § 5a—**

A tenant in common, having an undivided interest in two tracts of land lying more than a quarter of a mile apart and separated by a public road and the lands of others, executed a mortgage on his interest describing the land as lying in a certain township, known as the "Evans" tract and adjoining the lands of named persons. *Held:* Upon the facts of this case the description was insufficient to identify the land and the mortgage was ineffectual.

**2. Same—**

A deed or mortgage must contain a description of the land which is either certain in itself or capable of being reduced to certainty by reference to matters *aliunde* to which the description refers, and when the description is insufficient under this rule to identify the land so that it may be fitted to the description, the instrument must fail, since title to land may not be passed by parol, and in such instances G.S. 8-39 and G.S. 39-2 do not apply.

APPEAL by defendant Elsie Mae Holloman from *Williams, J.,* April Term, 1953, of HERTFORD. Affirmed.

Petition for sale of land for partition.

The land was described in the petition as follows:

"Tract No. 1, known as the homeplace on the south side of the Evans Road and bounded by the land of J. P. Mitchell heirs, John H. Thompson, W. B. Byrum, Mrs. C. C. Evans and the Evans public road, containing 30 acres, more or less.

"Tract No. 2, known as the Smith tract, and bounded by the lands of J. P. Mitchell heirs, K. R. Evans, J. P. Mitchell heirs and Mrs. C. C. Evans, containing 50 acres, more or less."

This land was formerly owned by Sallie Holloman, wife of Aubrey Holloman. She died intestate in 1918 leaving her surviving her husband and two children, Stanley Holloman, the petitioner, and Vernon Holloman, to whom the land descended as her only heirs at law, subject to the life estate of Aubrey Holloman as tenant by the curtesy.

After the death of his wife Aubrey Holloman married Elsie Mae Byrd now Holloman. In 1927 Vernon Holloman executed to Elsie Mae Holloman a mortgage on his interest in certain described land which Elsie Mae

Holloman claims to be that described in the petition. In 1932 Vernon Holloman died intestate leaving five children as his only heirs at law. These children are parties to this proceeding and claim they own the one-half undivided interest of their father Vernon Holloman in the lands now sought to be sold for partition. In 1935 Elsie Mae Holloman, mortgagee, pursuant to sale under foreclosure of the mortgage referred to, conveyed the land to Aubrey Holloman. In 1937 Aubrey Holloman died leaving a last will and testament wherein he devised all his real property to Elsie Mae Holloman. Under these instruments Elsie Mae Holloman claims title to a one-half undivided interest in the lands described in the petition, being the interest which descended from Sallie Holloman to Vernon Holloman.

The mortgage from Vernon Holloman and wife to Elsie Mae Holloman described the land conveyed as follows: "Lying and being in the Harrellsville Town Ship, Hertford County, North Carolina, and known and designated as follows, viz.: Known as The Evans Tract of land adjoining the lands of J. R. Odom heirs on the north and the East K. R. Evans. On the South by the lands of W. B. .................... On the west by the lands of J. P. Mitchell, eighty acres more or less." The deed from Elsie Mae Holloman, Mortgagee, to Aubrey Holloman described the land conveyed as follows: "Lying and being in Harrellsville Township, Hertford County, and known as a part of the Evans tract of land, the same being the one-half undivided interest of Vernon R. Holloman in said tract of land, adjoining the lands of J. R. Odom heirs on the north; on the east by the lands of K. R. Evans; on the west by the lands of J. P. Mitchell, containing 80 acres, in the whole tract, more or less, together with all appurtenances thereto belonging."

Stanley Holloman, the petitioner, whose title to a one-half undivided interest in the land is admitted, and the children of Vernon Holloman resisted the claim of Elsie Mae Holloman on the ground that the mortgage from Vernon Holloman to Elsie Mae Holloman and the latter's deed as mortgagee to Aubrey Holloman were and are insufficient to convey the land described in the petition, and that the land attempted to be described in the instruments under which she claims are incapable of location and are ineffectual and void in law.

The court was of opinion that Elsie Mae Holloman had failed to show any interest in the land described in the petition, and that petitioner Stanley Holloman owning a one-half interest and the five children of Vernon Holloman (naming them), owning the other half interest, were tenants in common in the land and entitled to a sale for partition. The cause was remanded to the Clerk to enter the proper and necessary orders for sale of the land for this purpose.

Elsie Mae Holloman excepted and appealed.

*John R. Jenkins, Jr., and Pritchett & Cooke for codefendants, appellees.*

*W. D. Boone for Elsie M. Holloman, appellant.*

DEVIN, C. J.   The ruling of Judge Williams that the mortgage and deed which Elsie Mae Holloman offered as evidence of her title to a one-half undivided interest in the lands described in the petition for partition were insufficient for this purpose, we think, should be upheld.   The description in these instruments is insufficient to identify and make certain the land intended to be conveyed, nor is it sufficient to be aided by parol testimony to fit it to the two separate tracts of land described in the petition.   The land is described in the deed to Sallie Holloman and in the petition as two separate and distinct tracts of land more than a quarter of a mile apart, separated by a public road, and between these two tracts lie tracts of land belonging to other landowners.   The designation of the land in the mortgage under which appellant claims as "the Evans tract," under the evidence in this case, was uncertain and insufficient to identify the land.

"It is essential in order that a deed may be operative as a legal conveyance that the land intended to be conveyed be described with sufficient definiteness and certainty to locate and distinguish it from other lands of the same kind.   If the land intended to be conveyed is not identifiable from the words of the deed, aided by extrinsic evidence explanatory of the terms used, or by reference to another instrument, the deed is inoperative." 16 A.J. 584.

For the purpose of identifying land described in a deed the statute G.S. 8-39 permits the introduction of parol testimony to identify the land and to "fit it to the description" contained in the deed, and by G.S. 39-2 certain elements of vagueness in the description are declared insufficient to render the deed void.

But these statutes apply only when there is a description which can be aided by parol, and cannot be held to validate a deed where the description is too vague and indefinite to identify the land claimed and to fit it to the description.   *Katz v. Daughtrey,* 198 N.C. 393, 151 S.E. 879.   In the language of *Justice Barnhill* in *Peel v. Calais,* 224 N.C. 421, 31 S.E. 2d 440: "At all events, the description as it may be explained by oral testimony must identify and make certain the land intended to be conveyed.   Failing in this, the deed is void."

The statutory rule permitting the use of parol testimony to fit the description in the deed to the land intended to be conveyed does not relieve the invalidity due to vagueness, indefiniteness and uncertainty unless there be elements of description which are either certain in themselves or are capable of being reduced to certainty by reference to something

extrinsic to which the deed refers. The liberal rule of construction does not permit the passing of title to land by parol. As stated by *Justice Winborne,* in *Powell v. Mills,* 237 N.C. 582, 75 S.E. 2d 759, "Such evidence cannot, however, be used to enlarge the scope of the descriptive words. The deed itself must point to the source from which evidence *aliunde* to make the description complete is to be sought." See also *Self-Help Corp. v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889, and *Peel v. Calais, supra,* where the authorities in support of this principle are collected.

Judgment affirmed.