C. LACY HAITH AND J. W. HAITH v. FANNIE W. ROPER AND HUSBAND, ISAIH ROPER.

(Filed 30 June, 1955.)

**1. Boundaries § 5a—**

　　While the description in a deed, in order to meet the requirements of the statute of frauds, must be either certain in itself or capable of being reduced to a certainty by resort to something extrinsic to which the deed refers, a deed will be upheld if this can be done consistently with the principles and rules of law applicable, and a description will be held sufficient if it furnishes a means of identifying the land intended to be conveyed.

**2. Same—**

　　It was stipulated that grantor, on the date of the deed in question, owned but two lots within the municipality, which lots had been conveyed to him separately at different times. The description in his deed to the second lot located the lot in the municipality and county, and referred to corners of the other lot owned by him and to corners of an adjacent lot. *Held:* The reference to grantor's own corners are not rendered ineffective on the ground that the lots were adjacent, and that therefore grantor owned but one lot, and the description being rendered certain by reference to the corners of the adjacent tract and to the corners of grantor's first lot referred to in the deed, the description is sufficient.

**3. Same—**

The contention that a description in a deed is void for uncertainty because it contains five calls which do not close the lines when surveyed as called for in the deed, is untenable when it is apparent that one of the calls is a continuation on the same degree as another call, and that therefore the two calls comprise but one line, and the corners called for in the deed may be located by extrinsic evidence, to which the description refers.

APPEAL by defendants from *Martin, S. J.,* January 1955 Term, ALAMANCE Superior Court.

This is a special proceeding instituted before the Clerk Superior Court of Alamance County in which the petitioners allege that they, together with the respondent Fannie Roper, are the owners as tenants in common of a certain lot in the City of Burlington. They ask for a sale for partition. The respondent pleads sole seisin. Whereupon the case was transferred to the civil issue docket for trial in term. By agreement a jury trial was waived, the court permitted to find the facts and render judgment upon the pleadings and the stipulations entered into by the parties. The parties concede the case turns on the sufficiency of the description contained in a deed executed 1 April, 1908, by Jerry Williamson to his wife, Annie Williamson. If the description is sufficient to make the conveyance a valid deed, the interests of the parties are as set out in the petition. On the other hand, if the description is insufficient, the deed is void for uncertainty, and the respondent is the sole owner.

The pleadings and stipulations disclose that Jerry Williamson, on 16 September, 1897, purchased and took a deed for a lot "in southeast corner" of the junction of Slade and Shepherd Streets in the City of Burlington, described as follows:

"Adjoining lands of Ireland and others, and beginning on a stone in the line of Slade St. and south corner of Shepherd St.; thence South 87½ east with line of Shepherd St. 150 feet to a stone in line of Shepherd St.; thence South 2½ West 75 feet to a stone; thence North 87½ West 150 to a stone in line of Slade St.; thence North 2½ East 75 feet to the beginning; containing one-half acre more or less."
This is designated as Lot No. 1.

On September 1, 1898, Jerry Williamson purchased and took a deed to a lot adjoining Lot No. 1 and specifically described as follows:

"Adjoining the lands of Fred Murray, Jerry Williamson, W. F. Ireland and Slade St. and other and bounded as follows, viz: Beginning on a stake Fred Murray's corner; thence North 2½ deg. East with the line of Slade St. 75 feet to a stake, Jerry Williamson's corner; thence South 87½ deg. East 150 feet to a stake, another corner of Jerry Williamson's; thence South 2½ deg. West 75 feet to Fred Murray's

corner; thence North 87½ deg. West 150 feet to the beginning, containing one acre more or less."

This is designated as Lot No. 2 and is the lot in question in this case.

On 1 April, 1908, Jerry Williamson executed and delivered a deed in which he conveyed, or attempted to convey to Annie Williamson a lot described in the deed as follows:

"A certain tract or parcel of land in Burlington Township, County, State of Alamance, adjoining the lands of Fred Murray, Jerry Williamson, and others . . . and others, bounded as follows, viz: BEGINNING at stake Fred Murray corner thence North 2° ½ East 150 with said Murrays line to a stake thence South 87° East 75 feet Jerry Williamson corner thence South 87° East 15 Jerry Williamson corner thence South 150 feet to Jerry Williamsons corner thence ° South 2° ½ West 75 to Fred Murrays corner the beginning containing one ¼ acre more or less"

The parties stipulated that on 1 April, 1908, Jerry Williamson owned Lots Nos. 1 and 2 above described; that he owned no other real estate; that on 1 April, 1908, the corners and boundaries of the lot between Fred Murray's property and Lot No. 1 owned by Jerry Williamson are as set out in the description of Lot No. 2.

The trial judge held the description sufficient, the deed valid, and remanded the cause to the Clerk Superior Court for further proceeding. From the judgment, the respondent excepted and appealed.

*Sanders & Holt for defendants appellants.*
*W. R. Dalton, Jr. for petitioners appellees.*

HIGGINS, J.　The petitioners contend the description in the deed of 1 April, 1908, is sufficient to, and does, convey title to Lot No. 2 to Annie Williamson. The respondent contends the description is patently defective and parol evidence is inadmissible to aid the description, and the attempted conveyance is void for uncertainty. The sufficiency of the description, therefore, is the question presented.

From the allegations and admissions in the pleadings and the stipulations entered into, it appears that on 1 April, 1908, Jerry Williamson owned two adjoining lots in the Town of Burlington. Lot No. 1 is rectangular in shape and 75 by 150 feet in area. It was purchased in 1897. Lot No. 2 is rectangular in shape, 75 by 150 feet in area. It was purchased in 1898. It lies between Lot No. 1 on the north and the Fred Murray lot on the south.

Does the deed from Jerry Williamson to his wife contain a description certain in itself, or is the description capable of being made certain by reference to something outside the actual description to which

reference is made in the deed itself? The purpose of a description is to furnish, and is sufficient when it does furnish, a means of identifying the land intended to be conveyed. "It is a general rule that the deed must be upheld if possible, and the terms and phraseology of description will be interpreted with that view and to that end if this can reasonably be done. The Court will effectuate the lawful purposes of deeds and other instruments if this can be done consistently with the principles and rules of law applicable." *Merrimon, J.,* in *Edwards v. Bowden,* 99 N.C. 80, 5 S.E. 283.

"The decisions of this Court generally recognize the principle that a deed conveying land within the meaning of the statute of frauds must contain a description of the land, the subject-matter of the deed, either certain in itself or capable of being reduced to a certainty by a reference to something extrinsic to which the deed refers. *Massey v. Belisle,* 24 N.C. 170." The foregoing is a quotation from the opinion of *Winborne, J.,* in the case of *Self-Help Corp. v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889.

While the words in the general description are somewhat poorly arranged, it is plain the location of the lot is in Burlington, Alamance County. It joins the land of Fred Murray and Jerry Williamson. It is stipulated that Jerry Williamson on the date of the deed owned the two lots and no other land. The boundaries called for in the deed are Williamson's and Fred Murray's corners. When these corners are located, which may be done by parol evidence, the description becomes complete.

The respondent objects to this line of reasoning upon the ground that since Jerry Williamson owns the two lots which adjoin, they become one lot, and that Jerry Williamson's corners between the two lots cease to exist as corners. The answer is that Williamson first bought Lot No. 1 and the two corners marking the termini of his southern line became Williamson's corners. When Lot No. 2 was conveyed to him, the description called for Williamson's corners, which, of course, referred to the corners of Lot No. 1 which he then owned.

The respondent further objects upon the ground that there are five calls in the deed and if the five calls are surveyed as called for in the deed, the lines will not close, and therefore the description fails. Inspection discloses that while there are five calls in the description, one of the calls is a continuation on the same degree and, therefore, the two calls comprise one line. Williamson's and Murray's corners are called for in the deed in question and by the process of locating them by parol evidence in conformity with the recognized and applicable rules, the boundaries of the lot in question become fixed and certain. *Farmer v. Batts,* 83 N.C. 387; *Harrison v. Hahn,* 95 N.C. 28; *Bissette*

*v. Strickland,* 191 N.C. 260, 131 S.E. 655; *Johnston County v. Stewart,* 217 N.C. 334, 7 S.E. 2d 708; *Peel v. Calais,* 224 N.C. 421, 31 S.E. 2d 440; *Cherry v. Warehouse,* 237 N.C. 362, 75 S.E. 2d 124; *Holloman v. Davis,* 238 N.C. 386, 78 S.E. 2d 143; *Deans v. Deans,* 241 N.C. 1, 84 S.E. 2d 321.

The judgment of the Superior Court of Alamance County is Affirmed.