P. E. BROWN v. W. H. HURLEY, MRS. W. H. HURLEY AND ROBERT N. HOLLAND.

(Filed 23 November, 1955.)

**1. Boundaries § 5a—**

The fact that the boundaries do not go entirely around the land does not necessarily invalidate the description for uncertainty, and the description in the deed in question *is held* sufficiently certain to permit proof *aliunde* as to the land intended to be conveyed thereby, and parol evidence was competent to identify the land and fit it to the description contained in the instrument. G.S. 8-39, G.S. 39-2.

**2. Adverse Possession § 19—**

Evidence tending to show that the land in question was mountain land and that plaintiff had timber cut from the land, employed a caretaker to look after the property and keep off trespassers, and had listed the land for taxation for more than seven years since he had purchased the property, together with evidence fitting the description in the deed to the land claimed, is sufficient to sustain the court's finding, in a trial by the court under agreement of the parties, that plaintiff had been in the adverse possession of the *locus in quo* under known and visible boundary lines for seven years under color of title.

**3. Adverse Possession § 3—**

Adverse possession means actual possession with intent to hold solely for the possessor to the exclusion of others, and is denoted by the exercise of acts of dominion over the land in making the ordinary use and taking the ordinary profits of which the land is susceptible in its present state.

**4. Adverse Possession § 18—**

It is competent for witnesses to state what acts of ownership have been exercised over the property by claimant, it being for the jury, or the judge when the parties agree to trial by the court, to determine whether such acts of ownership constitute open, notorious and adverse possession.

**5. Appeal and Error § 40d—**

Where one finding of fact, supported by evidence, is sufficient predicate for the judgment, other findings of fact need not be considered.

APPEAL by defendants from *Rousseau, J.,* May Term, 1955, WILKES. Affirmed.

Plaintiff alleges that he is the owner of the tract of land in "Elk Township, Wilkes County, State of North Carolina, adjoining the lands of Marley Tugman and others and bounded as follows, viz.: BEGINNING on said Miller's Northwest corner on a persimmon and running a southern direction passing a few yards west of the barn making an apple tree and plum tree, marked in the line, continuing in the same direction to a forked popular on the branch bank; thence by crossing said branch running with the old road on the top of the first ridge opposite the

dwelling house to said Miller's line adjoining Tugman's line including all the land said Miller formerly owned west of their boundary and adjoining the Marley and Tugman land." He further alleges that defendants have trespassed upon said land and cut and removed timber therefrom.

In their answer defendants denied the title of plaintiff to the lands described in the complaint and also denied a trespass committed on the lands of plaintiff.

The parties waived trial by jury and agreed that the cause should be submitted to the judge who should find the facts and enter judgment upon the facts found. The plaintiff waived his claim to damages for trespass. Thus the action resolved itself into an action to try title to real property.

The plaintiff offered in evidence (1) a deed dated 28 August 1865 from Thomas C. Miller and wife to Anderson Winkler, (2) deed dated 15 April 1939 from "the undersigned heirs at law of Laura Winkler Bullis" to Herman Elmore, (This deed is signed by two men and their respective wives.), and (3) deed dated 26 July 1943 from Herman Elmore and wife to plaintiff. The description in each of the deeds is the same.

In the deed from Herman Elmore to plaintiff there is added to the description the following sentence: "For full description see deed to Mrs. Laura Winkler Bullis the description in which deed is made the description in this deed." However, no such deed to Laura Winkler Bullis appears of record or was offered in evidence.

The plaintiff offered the testimony of a surveyor and others tending to fit the description contained in these deeds to the land claimed by him. There was evidence as to the location of corners, marked trees, and other natural objects. One line runs along the top of a ridge. Another line follows an old road. The property was surveyed in 1903, in 1923, and in 1939, and the surveyor's markings were found and identified by the witnesses. One witness testified that while she was not on the survey, she could walk the line at any time.

Plaintiff offered evidence that the grantors in the deed dated 15 April 1939 were generally reputed to be the niece and nephew of Laura Winkler Bullis, now deceased, and that Laura Winkler Bullis was the daughter of Anderson Winkler, grantee in the first deed. There was no evidence, however, as to how many children Anderson Winkler had or as to whether any such children were living or as to whether they were dead, leaving children surviving.

Plaintiff offered further evidence tending to show that he had the timber cut and removed from the said land in 1943, that he has listed said land for taxation since his purchase thereof, that he has been back

on the land occasionally, and that he employed a caretaker to look after the property and to keep off trespassers. The caretaker, who was the same person who cut and removed the timber for plaintiff, testified: "I have been looking after some property up there where I cut some timber, what I did was, I looked around to see nobody wasn't in on the place where I cut the timber." Plaintiff testified he purchased the land for the purpose of growing trees.

The defendants offered no evidence.

The court found the facts, including the following: (1) that the plaintiff has been in the adverse possession of the land described in the complaint since he purchased the same from Herman Elmore 26 July 1943, "having had the timber cut therefrom, having listed and paid tax thereon and having had caretakers looking after and otherwise exercising control and possession of said lands;" (2) that plaintiff and those under whom he claims have been in the adverse possession of said lands since 1869; and (3) that the grantors in the deed to Herman Elmore "are grandchildren of Anderson Winkler and nieces and nephews and next of kin of Anderson Winkler and Laura Winkler Bullis, said Laura Winkler Bullis having died without issue." It thereupon entered judgment "that the plaintiff is the owner of the lands set out in the court map and described in the complaint . . ." The defendants excepted and appealed.

*Whicker & Whicker for plaintiff appellee.*
*Ralph Davis and W. H. McElwee, Jr., for defendant appellants.*

BARNHILL, C. J.    The contention of the defendants that the description in the complaint and in the plaintiff's deed is too vague to permit proof *aliunde* as to the land intended to be conveyed thereby is without merit. That the boundaries do not go entirely around the land does not invalidate the description. G.S. 39-2. Parol evidence to identify the land sued for and to fit it to the description contained in the paper writing offered as evidence of title was admissible. G.S. 8-39. *Timber Co. v. Yarbrough*, 179 N.C. 335, 102 S.E. 630; *Peel v. Calais*, 224 N.C. 421, 31 S.E. 2d 440; *Williams v. Robertson*, 235 N.C. 478, 70 S.E. 2d 692; *Self Help Corp. v. Brinkley*, 215 N.C. 615, 2 S.E. 2d 889.

The plaintiff testified that he had been in possession of the *locus* since it was conveyed to him by Elmore, and there was other evidence of possession sufficient to sustain the finding of the judge, acting as a jury, that plaintiff had been in the adverse possession of said land under color of title for more than seven years next preceding the institution of this action.

Possession "is exercising that dominion over the thing and taking that use and profit which it is capable of yielding *in its present state*. It is all that can be done until the subject shall be changed. It is like the case stated in the books of cutting rushes from a marsh. This is sufficient, though it might appear that dykes and banks would make the marsh arable." *Loftin v. Cobb,* 46 N.C. 406; *Locklear v. Savage,* 159 N.C. 236, 74 S.E. 347.

"Adverse possession means actual possession, with an intent to hold solely for the possessor to the exclusion of others and is denoted by the exercise of acts of dominion over the land in making the ordinary use and taking the ordinary profits of which it is susceptible, such acts to be so repeated as to show that they are done in the character of owner, and not merely as an occasional trespasser . . ." *Lindsay v. Carswell,* 240 N.C. 45, 81 S.E. 2d 168.

"Where it is established that the land in controversy is swamp land (here mountain land), valuable only for timber, evidence that plaintiff, claiming under known and visible lines and boundaries under color, from time to time cut and sold timber from the tract for over seven years, is sufficient to take the case to the jury." *Berry v. Coppersmith,* 212 N.C. 50, 193 S.E. 3. (Headnote.)

". . . A witness may tell what use has been made—what acts of ownership have been exercised over the property. Then it is for the jury (here the judge) to say, under proper instructions, whether that constitutes open, notorious and adverse possession." *Memory v. Wells,* 242 N.C. 277, 87 S.E. 2d 497.

We conclude, therefore, that the plaintiff offered sufficient testimony of adverse possession under color to sustain the first finding of fact made by the judge, acting as a jury, to the effect that the plaintiff had been in the open, notorious, continuous adverse possession of the land in controversy under known and visible boundary lines and under color of title conveyed to him by the deed from Elmore dated 26 July 1943 for more than seven years.

In view of our conclusion on the first finding of fact, it is unnecessary for us to consider or discuss questions raised as to whether (1) the names of the heirs of a deceased person may be proved by general reputation, or (2) the failure of proof that the grantors in the deed to Elmore were the only heirs at law and next of kin of Anderson Winkler. In this connection it is to be noted that the reference to a deed to Laura Winkler Bullis contained in the description in the deed from Herman Elmore to the plaintiff would seem to indicate that she claimed the property by purchase and not by inheritance.

In any event, the first finding of fact made by the judge is sufficient to sustain the judgment entered. For that reason the judgment must be

Affirmed.