PETER KELLY v. JOHN KELLY AND WIFE, BETTY G. KELLY (ORIGINAL PARTIES DEFENDANT), AND FRANKLIN COUNTY (ADDITIONAL PARTY DEFENDANT).

(Filed 1 May, 1957.)

1. **Taxation § 40—**

In a tax foreclosure suit under C.S. 8037 as rewritten in Section 4, Chapter 221, Public Laws of 1927, the order of publication of notice of summons and the notice pursuant to such order must contain a description of the land which is in fact and in law sufficient to identify the land in itself or by reference to something extrinsic to which the notice refers, and in the absence of such sufficient description, the foreclosure proceeding is fatally defective.

2. **Ejectment § 17—**

Where, in an action in ejectment, plaintiff introduces evidence that he and defendants claim from a common source and that there was a fatal defect in the tax foreclosure forming a link in defendants' chain of title, nonsuit should be denied.

3. **Same—**

In an action in ejectment, nonsuit may not be properly entered on defendant's claim of title by adverse possession, but such claim raises an issue or issues to be submitted to the jury upon proper charge of the court.

APPEAL by plaintiff from *Seawell, J.,* at February-March Term 1956, Civil Term of FRANKLIN.

Civil action to recover two tracts of land in Franklin County, described by reference to two certain deeds to Sam Kelly, Sr.

The record and case on appeal reveal that an action entitled the same as above set forth was considered on appeal to this Court, and reported in 241 N.C. 146, 84 S.E. 2d 809, in opinion filed 24 November, 1954, in which the judgment therein was modified and affirmed; and that the present action was instituted by plaintiff, Peter Kelly, on 17 March, 1955.

Reference to the opinion of this Court so reported discloses that there the plaintiff was seeking to recover two tracts of land in Franklin County, North Carolina, containing 13.12 and 15.68 acres, more or less, respectively. For further factual data in regard thereto reference is here made to facts there recited. And the Court having then declined to consider or express an opinion of plaintiff's contention (1)

that proper service of publication was not obtained on Sam Kelly, Jr., in the tax foreclosure proceeding pursuant to which defendant John Kelly claims to have obtained title to the lands in question, or (2) as to the sufficiency of the description of the property in the tax foreclosure proceeding, plaintiff paid the costs of the former action, *Kelly v. Kelly, supra,* and instituted the present action as above stated, for recovery of the lands involved in former action.

I. And upon trial in Superior Court, for the purpose of attack, and for the purpose of showing that plaintiff and defendants claim under a common source of title, and for no other purpose, plaintiff introduced in evidence the entire judgment roll in tax suit No. 1008, being the original papers filed in the office of the Superior Court of Franklin County, in action to foreclose certificate of tax sale, in Superior Court of Franklin County, North Carolina, entitled "County of Franklin, plaintiff *v.* Sam Kelly, Jr., and wife, Lillian Kelly," comprised of the following: (1) Summons, dated 29 August, 1930, for Sam Kelly and wife, Lillian Kelly—showing the printed form of return not filled out and not signed.

(2) Complaint, verified by G. L. Cooke, County Accountant and Auditor of Franklin County, alleging among other things "that for the year 1928 there was listed for taxation in the name of Sam Kelly, Jr., a certain tract of land situate in Louisburg Township, Franklin County, State of North Carolina, and more particularly described as follows to wit: '28A Hawkins';" and "that the Board of County Commissioners for Franklin County duly levied a tax against the above described lands for the year 1928; that said taxes attached to and became a lien upon the lands described on June 1, 1928, and on account of failure of defendants to pay said taxes, and same are now a first lien upon said lands; that for failure to pay said taxes when due the sheriff of Franklin County, after due advertisement as by law required, sold the above described land at public auction at the courthouse door in Louisburg, N. C., on June 3, 1929, for said taxes, at which sale the County of Franklin became the last and highest bidder at the price of $19.80, and received from said sheriff a certificate of sale for said lands, which certificate is now the property and in the possession of plaintiff, and same will be offered in evidence when in the trial of the cause it may become necessary; and that although plaintiff has made repeated demands upon defendants for payment of aforesaid taxes, as represented by the certificate of sale, as above set out, they have failed and refused to pay same, and there is now due and owing from defendants to plaintiff the amount bid for said lands with interest thereon as allowed by law," and containing prayer for relief specifically set forth.

(3) Certificate of sale of real estate for taxes—1008—dated June 3, 1929, as above set forth, describing the land as "the following described

real estate in said County and State, to wit: 28 acres Hawkins listed by Sam Kelly, Jr., in Louisburg Township."

(4) Order of publication of notice, pursuant to Section 2, Chapter 334, N. C. Public Laws 1929, to all persons, other than the above named, who claim any interest in the subject matter of this action to appear, present, set up and defend their claim within six months, etc.

(5) An affidavit (signed by G. L. Cooke and sworn to Sept. 16, 1930) praying order for service of notice of summons by publication to defendants Sam Kelly, Jr., and wife, Lillian Kelly, in which affidavit, among other things, it is set forth that "this is an action brought by Franklin County for the purpose of foreclosing a tax sale certificate issued for taxes due on a certain tract or parcel of land situate in the aforesaid county and State;" . . .

(6) Order of Clerk of Superior Court of Franklin County, dated Sept. 16, 1930, for service of summons on Sam Kelly, Jr., and wife, Lillian Kelly, by publication of notice thereof in which order it is recited among other things that "it further appearing that a cause of action exists against the defendants for the purpose of foreclosing a tax sale certificate issued for taxes due on real estate listed for taxation in the name of Sam Kelly, Jr., . . . defendants herein," and, therefore, it is ordered that there be set forth the title of the action, the purpose of same, and requiring defendants to appear at the office of the Clerk of Superior Court of Franklin County, in the courthouse at Louisburg, N. C., on October 10, 1930, and answer or demur to the complaint of plaintiff.

(7) Notice of publication under caption of action dated September 16, 1930, and signed by Clerk of Superior Court, to defendants Sam Kelly, Jr., and wife Lillian Kelly to "take notice that an action entitled as above has been commenced in the Superior Court of Franklin County, North Carolina," for the purpose of foreclosing tax sale certificate issued for 1928 taxes due on real estate listed for taxation in the name of Sam Kelly, Jr.," and that "the said defendants will take notice that Sam Kelly, Jr., and wife, Lillian Kelly, are required to appear at the office of Clerk of Superior Court in Louisburg, N. C., on 10th day of October, 1930, and answer or demur to the complaint," etc.

(Note: It was stipulated and agreed in open court by plaintiff and defendants that the foregoing notice was published in the *Franklin Times*, a newspaper published in Franklin County, in the issues dated 19 September, 1930, 26 September, 1930, 3 October, 1930, and 10 October, 1930, and that further proof of publication was waived.)

(8) Interlocutory Judgment of Foreclosure, under caption "Franklin County *v.* Sam Jelly, Jr., and wife, Lillian Kelly, and all other persons claiming any interest in the lands herein described" . . . bearing date

Nov. 10, 1930, and purporting to be signed "J. J. Young, deceased—2-1-49—*nunc pro tunc* by John W. King, Clerk of Superior Court," in the handwriting of John W. King, Clerk of Superior Court. In this purported interlocutory judgment of foreclosure two tracts of land are described by specific metes and bounds, as containing 13.12 acres and 15.68 acres more or less.

(9) Report of sale to Franklin County as last and highest bidder at $178.00, dated Dec. 22, 1930. Filed December 22, 1930—————————

CSC

(10) Newspaper clippings of notice of sale dated Nov. 17, 1930, signed by G. M. Beam, Com'r.

(11) Final decree, dated 9th day of June, 1931 (Signed) J. J. Young, Clerk of Superior Court, including confirmation of sale and ordering execution of deed, and that county be put into possession.

II. Plaintiff offered in evidence, without objection, (a) deed from Sam Kelly, Jr., and wife, to Peter Kelly and wife, as tenants by the entirety, dated 27th day of April, 1948, purporting to convey the two tracts of land in controversy with full covenants of seizin, right to convey, freedom from encumbrances and general warranty. Signed, sealed and acknowledged and filed for registration at 9 A. M., May 1, 1948. It appears that the wife of Peter Kelly had died prior to the institution of this action.

(b) Deed from Sam Kelly and wife, Delany Kelly to Sam Kelly, Jr., dated May 25, 1918, purportedly conveying two tracts of land in controversy, with full covenants, etc. Signed, sealed and acknowledged and filed for registration May 25, 1918 at 2 o'clock P. M., and registered same date.

(c) For purpose of showing that plaintiff and defendants claim under a common source of title, and for the purpose of attack, and for no other purpose, plaintiff introduced in evidence (1) the record of deed from G. M. Beam, Commissioner, to Franklin County, purporting to have been executed pursuant to order of foreclosure above referred to, and to convey land in controversy; and (2) the record of the deed from County of Franklin to John Kelly, recorded in Book 440, p. 117 of Franklin County Registry—purporting to convey the two tracts of land here in controversy.

All the parties stipulated that the volumes containing the records of deeds introduced in evidence by plaintiff are official records from the office of Register of Deeds of Franklin County, and the official tax judgment docket from office of Clerk of Superior Court, and that further proof of their authenticity was waived.

Plaintiff offered other evidence and testimony of witnesses, which need not now be recited.

At the close of the evidence of plaintiff, motion of defendants for judgment as of nonsuit was entered by the court. Plaintiff excepted thereto, and appeals to Supreme Court and assigns error.

*John F. Matthews for Plaintiff Appellant.*
*Gaither M. Beam and Edward F. Yarborough for Defendants Appellees.*

WINBORNE, C. J. Plaintiff, appellant, assigns as error the ruling of the trial court in allowing motion for judgment as of nonsuit, and the entry of judgment dismissing the action. It is pointed out that the description of the subject matter of suit to foreclose tax sale certificate, as shown upon the face of the judgment roll therein, is insufficient, and fails to meet the requirement of the statute prescribing procedure in such cases.

In this connection the statute, C.S. 8037, as re-written in Section 4 of Chapter 221, Public Laws 1927, in effect when the tax foreclosure suit here involved was pending, required that the person in whose name the real state shall be listed for taxation, together with the wife or husband, if married, shall be made defendants in said action and shall be served with process as in civil actions. Moreover, the statute requires that notice by posting at the courthouse door shall be given to all persons claiming any interest in the subject matter of the action to appear, present and defend their claims; and that "the court shall require a description which is in fact and in law sufficient description of the real estate to be set out in the published notice." *Comrs. of Beaufort v. Rowland,* 220 N.C. 24, 16 S.E. 2d 401.

Sufficient description of the land must be such as is certain in itself or capable of being reduced to certainty by reference to something extrinsic to which the notice refers.

Indeed, this Court has uniformly recognized the principle that a deed conveying land, or a contract to sell and convey land, or a memorandum thereof, within the meaning of the statute of frauds, G.S. 22-2, must contain a description of the land, the subject matter thereof, either certain in itself or capable of being reduced to certainty by reference to something extrinsic to which the deed, contract or memorandum refers. The principle has been the subject of these recent decisions in which earlier decisions are cited and assembled. *Searcy v. Logan,* 226 N.C. 562, 39 S.E. 2d 593; *Self Help Corp. v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889; *Hodges v. Stewart,* 218 N.C. 290, 10 S.E. 2d 723; *Comrs. of Beaufort v. Rowland, supra; Stewart v. Cary,* 220 N.C. 214, 17 S.E. 2d 29; *Duckett v. Lyda,* 223 N.C. 356, 26 S.E. 2d 918; *Peel v. Calais,* 224 N.C. 421, 31 S.E. 2d 440; *Plemmons v. Cutshall,* 234 N.C. 506, 67 S.E. 2d 501; *Linder v. Horne,* 237 N.C. 129, 74 S.E. 2d 227; *Cherry v. Ware-*

*house Co.,* 237 N.C. 362, 75 S.E. 2d 124; *Powell v. Mills,* 237 N.C. 582, 75 S.E. 2d 759; *Holloman v. Davis,* 238 N.C. 386, 78 S.E. 2d 143; *Deans v. Deans,* 241 N.C. 1, 84 S.E. 2d 321; *Haith v. Roper,* 242 N.C. 489, 88 S.E. 2d 142; *Baldwin v. Hinton,* 243 N.C. 113, 90 S.E. 2d 316; *Brown v. Hurley,* 243 N.C. 138, 90 S.E. 2d 324; *Trust Co. v. Wolfe,* 243 N.C. 469, 91 S.E. 2d 246.   (Compare *Johnston County v. Stewart,* 217 N.C. 334, 7 S.E. 2d 708.)

In the light of these requirements of the statute C.S. 8037 as so re-written, neither the order of publication of notice pursuant to Section 2 of Chapter 334, Public Laws 1929, nor the notice pursuant to order of publication of notice of summons for Sam Kelly, Jr., and his wife contains a description which is in fact and in law sufficient description to identify the land involved in the tax foreclosure,—and to inform those to whom the notices were directed what lands were involved.

Hence the Court is constrained to hold that there is fatal defect in the tax foreclosure proceeding, and, therefore, plaintiff's record title from the common source is superior to that of defendant.   Nevertheless defendant pleads that he has ripened title to the lands involved by adverse possession.   This raises an issue or issues in that respect which must be submitted to a jury under proper charge of the court.

For reasons stated the judgment from which appeal is taken is

Reversed.